1  COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
2  Nevada Bar No. 8409
jsc@cogburnlaw.com
3  Erik W. Fox, Esq.
Nevada Bar No. 8804
4  efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
5  Henderson, Nevada 89074
Telephone: (702) 748-7777
6  Facsimile: (702) 966-3880
*Attorneys for Plaintiffs*

7

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF NEVADA**

| | |
|---|---|
| 10  CHRISTINA NYITRAY, an individual; <br> ANTHONY NYITRAY, an individual; | Case Number |
| 11 | 18-327 |
| 12  Plaintiffs, | **COMPLAINT** |
| 13  vs. | |
| 14  BANK OF AMERICA, INC., a Delaware <br> Corporation; EQUIFAX, INC., a Foreign <br> Corporation; TRANSUNION, LLC, a | |
| 15  Foreign Limited-Liability Company; <br> EXPERIAN INFORMATION SOLUTIONS, | |
| 16  INC., a Foreign Corporation, | |
| 17  Defendants. | |

18        Plaintiffs, Christina Nyitray and Anthony Nyitray, (hereinafter "Plaintiffs"), by and

19  through their counsel of record, Cogburn Law Offices, hereby complains against Defendants as

20  follows:

21  **I.    PRELIMINARY STATEMENT**

22        1.      This is an action for actual, statutory and punitive damages, costs and attorney fees

23  brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Report Act) and State Law Claims.

24

**II.    JURISDICTION AND PARTIES.**

     **A.    JURISDICTION AND VENUE.**

     1.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

     2.    Plaintiffs are natural persons and residents of the State of Nevada and are a "consumer" as defined by 15 U.S.C. § 1681a(c).

     3.    Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

     **B.    THE CREDIT BUREAUS AND FURNISHER.**

     4.    This matter involves three entities in the business of furnishing credit reports. Experian, Transunion and Equifax will be collectively known as the "Credit Bureaus," along with the furnisher, Bank of America.

     5.    Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia and does business in the State of Nevada.

     6.    Upon information and belief, Defendant, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

     7.    Upon information and belief, Defendant, Transunion, LLC, (hereinafter "Transunion") is a limited liability company licensed in the State of Illinois and does business in the State of Nevada.

     8.    Upon information and belief, Defendant, Transunion, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

1     9.     Upon information and belief, Defendant Experian Information Solutions, Inc., is a

2 "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). (hereinafter "Experian").

3     10.    Upon information and belief, Defendant, Experian, is a corporation licensed in the

4 State of California and does business in the State of Nevada.

5     11.    Upon information and belief, Bank of America, Inc., (hereinafter "BofA") is a

6 corporation incorporated under the laws of the State of Delaware and does business in the State of

7 Nevada.

8     12.    Upon information and belief, BofA is a furnisher of information under 15 U.S.C. §

9 1681s-2.

10 **III.    GENERAL ALLEGATIONS**

11    13.    Plaintiffs had a mortgage loan with BofA (hereinafter the "BofA Loan") secured

12 by a parcel of real property in Clark County, Nevada, through Bank of America.

13    14.    On or about May 30, 2013 the Southern Terrace Homeowners Association

14 foreclosed on the property and Foreclosure Deed Upon Sale was recorded with the Clark County

15 Recorder.

16    15.    The BofA Loan status should have ceased reporting as late or past due following

17 the above referenced foreclosure.

18    16.    BofA reported and continues to report the loan for the sold property, as still being

19 late or past due.

20    17.    Disputes were filed with each of the Credit Bureaus indicating the error.

21    18.    Information on Plaintiffs' credit report regarding the BofA loan was inaccurate.

22    19.    The false reported negative information placed on Plaintiffs' credit report continues

23 to harm the Plaintiffs.

24

20.     The Credit Bureaus and BofA failed to conduct a thorough investigation into this dispute and it remains unchanged.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST CREDIT BUREAUS

21.     The Plaintiffs reallege and incorporate each paragraph above, as if fully set out herein.

22.     The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

23.     As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

24.     The Credit Bureau's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

25.     Plaintiffs are entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST THE CREDIT BUREAUS

26.     The Plaintiffs reallege and incorporate each paragraph above, as if fully set out herein.

27.     The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to BofA; by failing to maintain reasonable procedures with which to filter and verify

1  disputed information in the Plaintiffs' credit file; and by relying upon verification from a source it

2  has reason to know is unreliable.

3       28.     As a result of this conduct, action and inaction of the Credit Bureaus, the Plaintiffs

4  suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the

5  mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

6       29.     The Credit Bureaus conduct, action and inaction was willful, rendering it liable for

7  actual or statutory damages, and punitive damages in an amount to be determined by the Court

8  pursuant to 15 U.S.C. § 1681o.

9       30.     The Plaintiffs are entitled to recover costs and attorney fees from the Credit Bureaus

10  in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

11  **FIRST CLAIM FROM RELIEF AGAINST BANK OF AMERICA**

12       31.     The Plaintiffs reallege and incorporate each paragraph above, as if fully set out

13  herein.

14       32.     BofA published the representations to the Credit Bureaus and through each of the

15  credit reporting bureaus identified above to all of Plaintiffs' potential lenders on multiple

16  occasions, including but not limited to the reporting the BofA Loan on a sold property as past due

17  or late (the "Defamation").

18       33.     The Defamation was willful and with malice.  BofA did not have any reasonable

19  basis to believe that the Plaintiffs were responsible for the account reported to the Credit Bureaus

20  reflecting inaccurate information.  The BofA account should have reported as foreclosed without

21  reference to existing balance and BofA had no basis to continue furnishing inaccurate account

22  information to each credit reporting bureau identified above.

23

24

34.     As a result of this conduct, action and inaction of BofA, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

a.     The defamation, conduct and actions of BofA were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against BofA in an amount to be determined by the Court.

<h2 align="center">SECOND CLAIM FOR RELIEF AGAINST BANK OF AMERICA</h2>

35.     The Plaintiffs reallege and incorporate each paragraph above, as if fully set out herein.

36.     BofA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the representation within Plaintiffs' credit file with each of the Credit Bureaus identified above without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' dispute of the BofA representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

37.     As a result of this conduct, action and inaction of BofA, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38.     BofA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

39.     The Plaintiffs are entitled to recover costs and attorney fees from BofA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## IV.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, on all counts, for the following:

1.     Actual damages;

2.     Statutory damages;

3.     Punitive damages;

4.     Costs and reasonable attorneys' fees;

5.     A trial by jury; and

6.     For such other and further relief as the Court may deem just and proper.

Dated this 22nd day of February, 2018.

COGBURN LAW OFFICES


By:___*/s/ Erik W. Fox*_____
       Jamie S. Cogburn, Esq.
       Nevada Bar No. 8409
       Erik W. Fox, Esq.
       Nevada Bar No. 8804
       2580 St. Rose Parkway, Suite 330
       Henderson, Nevada 89074
       *Attorneys for Plaintiffss*